IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VASILIY OSTAPOVICH ROMANISHYN, : <br> (A71 346 048) : <br> Petitioner : <br> : <br> v. : <br> : <br> HONORABLE MICHAEL CHERTOFF, : <br> ET. AL., : <br> : <br> Respondents. : | | No. 05cv687 <br><br> (Judge Jones) |

**MEMORANDUM AND ORDER**

**June 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Transfer Petition to Third Circuit ("the Motion")(doc. 10) filed by the Respondents on June 9, 2005. For the reasons that follow, the Motion shall be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

Petitioner Vasiliy Ostapovich Romanishyn ("Petitioner" or "Romanishyn") is a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") who is presently confined at the York County Prison in York, Pennsylvania. On April 5, 2005, Romanishyn filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Petition") and a Motion for an Emergency Stay of

Removal.  (See Rec. Docs. 1-2).  On April 7, 2005, we issued an Order staying Petitioner's deportation pending a decision on the Petition, directed the Clerk of Court to serve a copy of the Petition and our Order of April 7, 2005 on Respondents, the Immigration and Naturalization Service, and the United States Attorney, and ordered a briefing schedule on the Petition.  (See Rec. Doc. 3).

We granted Respondents two motions for extensions of time within which to file a response to the Petition.  The instant Motion and supporting brief was filed on June 9, 2005.  On June 16, 2005, Petitioner responded to the Motion.

**DISCUSSION:**

In the Motion, Respondents argue that the Real ID Act of 2005 mandates that the Court transfer the Petition to the Third Circuit Court of Appeals. Respondents assert that as Petitioner is challenging his order of removal, the Court must transfer this case to the applicable circuit court of appeals, which is the Third Circuit because the Immigration Judge ("IJ") presiding over the underlying proceedings signed the removal order in York, Pennsylvania.  (Br. Supp. Mot. Transfer Petition at 3).

In his response to the Motion, Petitioner stated that he has no objection but notes that the Real ID Act mandates only the transfer of that portion of the Petition that challenges the legality of the final order of removal.  Finally, Petitioner

maintains that should the stay of deportation imposed by this Court be challenged in this Court, Petitioner would oppose the transfer of the case at least until the Third Circuit Court of Appeals accepted jurisdiction and Petitioner could request a stay before the Third Circuit.[1]

In the Petition, Romanishyn seeks his immediate release from custody, an order that the IJ's removal order be declared null and void, a declaration that refugee status does not automatically terminate when an alien adjusts to lawful permanent residence, as well as an award of reasonable costs and attorney fees under the Equal Access to Justice Act.  (See Rec. Doc. 1 at 14-15; see also Rec. Doc. 2).

For the reasons that follow, to the extent that Petitioner seeks his immediate release from detention, this Court shall retain jurisdiction over this claim.  To the extent that Petitioner is challenging his order of removal, we shall transfer this claim to the Third Circuit Court of Appeal pursuant to the Real ID Act.

On May 11, 2005, the Real ID Act was signed into law.  Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Pub.L.No. 109-13 (May 11, 2005).  Section 106 of the Real

---

[1] We note that pursuant to the Third Circuit Court of Appeals preferred procedures, any stay previously issued by the District Court shall remain in place during and after transfer of the case to the Court of Appeals.  The Government may move in the Court of Appeals to vacate the stay if appropriate.

ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this Court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242 (a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)). The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2); see Soyemi v. Chertoff, No. 05-mc-145 (M.D. Pa. May 26, 2005)(J. McClure). If a habeas petition is pending in a district court on May 11, 2005, section 106(c) of the Real ID Act provides that a district court must transfer the petition (or the portion of the petition relating to removal) to the applicable court of appeals.

As Respondents submit, on September 1, 2004, an IJ sitting in York, Pennsylvania ordered Petitioner removed from the United States to Ukraine. In an order dated February 18, 2005, the Board of Immigration Appeals dismissed Petitioner's appeal. Id. at 1; see also Rec. Doc. 1 at ¶¶ 12-14. Respondents accurately submit that Petitioner's claim regarding his order of removal must be transferred to the Third Circuit Court of Appeals pursuant to the Real ID Act since the IJ in Petitioner's case signed the removal order in York, Pennsylvania. See 8 U.S.C. § 1252(b)(2).

To the extent that Petitioner contends that his continued detention violates

<u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), and seeks the immediate release from detention, this Court should retain jurisdiction over this claim.  <u>See</u> Real ID Act, § 106(c); <u>see</u> <u>also</u> Rec. Doc. 1 at 13-14.  Therefore, pursuant to the Real ID Act, Petitioner's claim seeking immediate release from detention shall not be transferred to the Third Circuit Court of Appeals.  <u>See</u> <u>id.</u>

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Respondents' Motion to Transfer Petition to Third Circuit (doc. 10) is granted in part and denied in part to the following extent:

        a.    To the extent that Romanishyn is seeking immediate release from detention, this Court shall retain jurisdiction over that claim.

        b.    Respondents shall file a response to Romanishyn's claim, seeking immediate release from detention, in this Court within twenty (20) days of the date of this Order.

        c.    To the extent that Romanishyn is challenging his order of removal in the Petition, the Court shall transfer the Petition to the Third Circuit Court of Appeals pursuant to the Real ID Act.

    2.    The Clerk shall transfer the portion of the record in which

Romanishyn is challenging his order of removal to the Third Circuit Court of Appeals pursuant to the Real ID Act.

                                                  s/ John E. Jones III
                                                  John E. Jones III
                                                  United States District Judge